BEFORE THE FIRST DIVISION, JULY 21, 1964

**No. 68722.**—St. Louis Music Supply Co. et al. v. United States, protests 60/6260, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of chord organs and parts thereof similar in all material respects to those the subject of *Excelsior Accordions, Inc.* v. *United States* (48 Cust. Ct. 148, C.D. 2328), the claim of the plaintiffs was sustained.

**No. 68723.**—Crucianelli Musical Instruments, Inc., et al. v. United States, protests 60/20340, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of chord organs and parts thereof similar in all material respects to those the subject of *Excelsior Accordions, Inc.* v. *United States* (48 Cust. Ct. 148, C.D. 2328), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, JULY 27, 1964

**No. 68724.**—Davies Turner & Company and Wine Chapin Antiques, Inc., et al. v. United States, protests 168850–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks and candelabra similar in all material respects to those the subject of Abstract 62036, the claim of the plaintiffs was sustained.

**No. 68725.**—The Rembar Co., Inc., et al. v. United States, protests 61/14432, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of integral, necessary components of electrical X-ray apparatus